Pauta-Morocho v. Blanche

BIA
Prieto, IJ
A220 311 557/558/559

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of August, two thousand twenty-six.

PRESENT:
>DEBRA ANN LIVINGSTON,
>    *Chief Judge,*
>PIERRE N. LEVAL,
>STEVEN J. MENASHI,
>    *Circuit Judges.*

_____

ADRIAN ABELARDO PAUTA-MOROCHO, DANIELA FERNANDA ALVAREZ-NIEVES, LIAM ALEXANDER PAUTA-ALVAREZ,
>    *Petitioners,*

v.                                                          **23-7891**
                                                            NAC

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,
>    *Respondent.*

_____

**FOR PETITIONERS:**        Reuben S. Kerben, Kerben Law Firm, P.C., Kew Gardens, NY.

**FOR RESPONDENT:**        Brian Boynton, Principal Deputy Assistant Attorney General; Timothy G. Hayes, Senior Litigation Counsel; Brendan P. Hogan, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Adrian Abelardo Pauta-Morocho, Daniela Fernanda Alvarez-Nieves, and their minor child, natives and citizens of Ecuador, seek review of a October 30, 2023, decision of the BIA affirming an October 21, 2022, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]  *In re Adrian Abelardo Pauta-Morocho, et al.*, Nos. A 220 311 557/558/559 (B.I.A. Oct. 30, 2023), *aff'g* Nos. A 220

---

[1] The petitioners have abandoned CAT relief by failing to address it in their brief.  *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in the appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (citation modified)).

311 557/558/559 (Immig. Ct. N.Y. City Oct. 21, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding "under the substantial evidence standard," and questions of law and the application of law to fact *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We agree with the agency's determination that the petitioners did not establish that their proposed particular social groups of "Ecuadorian women who are viewed as property" and "Ecuadorian crime victims and witnesses who report to law enforcement" are cognizable. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing cognizability determination *de novo*). Applicants for asylum and withholding of removal must show past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting [them]." 8 U.S.C. § 1158(b)(1)(B)(i); *see id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b),

3

1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022). Where relief is sought based on membership in a particular social group, an applicant must show both that the group is cognizable and a nexus between membership in that group and the persecution. *Paloka*, 762 F.3d at 195-97. A group is cognizable if it is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Id.* at 196.

The petitioners' sex-based proposed social group lacks both particularity and social distinction. The group is not "defined by characteristics that provide a clear benchmark for determining who falls within the group." *Id* (citation modified). It is not clear whether the group refers to all women in Ecuador or a specific subset of women; if it is the former, that contention is unexhausted because it was not the group proposed to the agency. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA." (citation modified)). If the group is meant to refer to a subset of women in Ecuador, the petitioners proffered no means of delineating which women are viewed as property and why others are not. Further, the attempt to draw comparisons to *Matter of A-R-C-G-*, 26 I. & N.

4

Dec. 388 (B.I.A. 2014), by stating that Alvarez-Nieves was similarly unable to leave a relationship with her abuser, misses the mark because that case dealt with a marital relationship. Here, her abuser was her stepfather, and the record reveals that Alvarez-Nieves left immediately after the abuse and, though her stepfather made threatening calls, she did not see him again. Moreover, *A-R-C-G-* emphasized that the cognizability of sex-based groups (there, "married women in Guatemala who are unable to leave their relationship") depended on the applicant's specific circumstances and country conditions evidence to establish that something like marital status was an immutable characteristic and that a group was particular and socially distinct. 26 I. & N. Dec. at 392–93. There, the group was cognizable given evidence that Guatemalan police refused to interfere in marital relationships. *Id.* at 393–94. Nothing in the petitioners' evidence supports a similar inference regarding the relationship of (step)fathers and daughters, and the evidence does not reveal that Ecuadorian authorities systematically or as part of their culture refuse to protect women in Alvarez-Nieves's position.

To the contrary, while the petitioners' evidence reflects violence and discrimination toward women generally in Ecuador and identifies certain classes

5

of women who are more likely to be assaulted given the "patriarchal" culture of Ecuador, Alvarez-Nieves does not claim membership in those classes. *See* Certified Admin. Record at 117–18 (Alvares-Nieves Stmt.), 203–04, 210 (articles detailing heightened violence based on race, sexual orientation, and incarcerated status, among others). And the existence of laws prohibiting femicide in Ecuador does not mean that society perceives a distinct group of women who are "viewed as property." The fact that women are killed or subject to discrimination generally cannot render a subgroup of women socially distinct; in other words, "[p]ersecutory conduct aimed at a social group cannot alone define the group." *Paloka*, 762 F.3d at 196 (citation modified).

The petitioners have abandoned their second proposed particular social group of Ecuadorian crime victims and witnesses who report to law enforcement by not adequately addressing its cognizability. "Under the party-presentation rule, we normally decide only questions presented by the parties[.]" *Debique*, 58 F.4th at 684 (citation modified). We thus "consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Id.* (citation modified); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming

6

argument abandoned where brief "devote[d] only a single conclusory sentence" to it).

Even if adequately raised, we agree with the agency that the group is not cognizable, as nothing about the single report the petitioners made to police is comparable to the circuit cases on which they rely or the BIA's holding that cooperation with law enforcement could result in a cognizable group under some circumstances. *Cf. Gashi v. Holder*, 702 F.3d 130, 137–38 (2d Cir. 2012) (finding cognizable a social group of witnesses to a specific set of war crimes where the names of the cooperating witnesses were on a public list); *Garcia v. Attorney General of U.S.*, 665 F.3d 496, 499–501, 504 (3d Cir. 2011) (finding cognizable a group of civilian witnesses where the applicant was placed in witness protection because of threats for cooperating with law enforcement and testified in court against gang members); *Matter of H-L-S-A-*, 28 I. & N. Dec. 228, 237 (B.I.A. 2021) (holding that "cooperation with law enforcement" could render a group cognizable "if the cooperation is public in nature, particularly where testimony was given in public court proceedings, and the evidence in the record reflects that the society in question recognizes and provides protection for such cooperation"). But even if Alvarez-Nieves's stepfather perceived the petitioners as cooperating witnesses,

such a perception alone does not render the group cognizable because "what matters is whether society as a whole views a group as socially distinct, not the persecutor's perception." *Paloka*, 762 F.3d at 196.

Because the cognizability determination is dispositive of asylum and withholding of removal, we do not reach the agency's nexus ruling. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court